UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J.G. ROGERS CORPORATION, } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:18-cv-01955-RDP |
| } | |
| METALLIZED CARBON } | |
| CORPORATION, } | |
| } | |
| **Defendant.** | |

## MEMORANDUM OPINION

This case is before the court on Defendant's motion to dismiss. (Doc. # 7). For the reasons explained below, the court concludes the motion is due to be granted in part and denied in part.

**I. Background**[1]

Prior to April 23, 2018, Plaintiff J.G. Rogers Corporation was a sales representative for Defendant Metallized Carbon Corporation. (Doc. #1 at ¶¶ 4, 15). In that role, J.G. Rogers solicited sales of Metallized Carbon's products in five states, including Alabama. (*Id.* at ¶ 4). In exchange for those services, Metallized Carbon agreed to pay J.G. Rogers a commission on all sales revenue it generated. (*Id.*).

The two companies evidently enjoyed a good relationship for many years. Each month, J.G. Rogers would receive a commission check from Metallized Carbon, along with a report identifying the customer orders and payments on which the commission was based. (*Id.* at ¶¶ 5-

---

[1] For purposes of ruling on Defendant's motion to dismiss, the court treats the factual allegations of the complaint (Doc. # 1) as true, but not its legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

6). But following some accounting changes at Metallized Carbon (*id.* at ¶¶ 7-13), J.G. Rogers began to suspect that Metallized Carbon had failed to pay it the agreed-upon commission for customer payments Metallized Carbon received more than 30 days after the order was placed. (*Id.* at ¶ 14). Shortly after this, in April 2018, Metallized Carbon terminated J.G. Rogers as a sales representative. (*Id.* at ¶ 15).

After being terminated, J.G. Rogers requested a report from Metallized Carbon showing the commissions it had received and the customer revenue those commissions were based on for a three-year period. (*Id.* at ¶ 16). After examining the report, J.G. Rogers determined that an accounting error by Metallized Carbon prevented it "from receiving commission credit for past due payments received by [Metallized Carbon] for orders that were older than 30 days." (*Id.* at ¶ 17). According to J.G. Rogers, the records showed "numerous invoice payments from [J.G. Rogers'] customers for which [Metallized Carbon] did not compensate [J.G. Rogers]." (*Id.* at ¶ 19).

J.G. Rogers claims that Metallized Carbon owes it commission on orders placed both before and after Metallized Carbon terminated their relationship. Some of the orders from which J.G. Rogers claims unpaid commission were placed prior to January 2018, and at least one order (from which J.G. Rogers claims $25,000 in unpaid commission) was placed in 2018. (*Id.* at ¶¶ 20, 23). Additionally, J.G. Rogers also claims commission on sales and blanket orders it secured while working for Metallized Carbon that extend past the end of 2018, and for future orders customers will renew in following years. (*Id.* at ¶¶ 24-25).

J.G. Rogers asserts four different causes of action against Metallized Carbon: (1) breach of contract, (2) suppression of material facts, (3) unjust enrichment, and (4) negligence. (*Id.* at ¶¶ 26-53). On its breach-of-contract claim, J.G. Rogers seeks treble damages, attorneys' fees,

and court costs pursuant to Alabama's Sales Representative's Commission Contracts Act (the "Commission Act"), Ala. Code § 8-24-3. (*Id.* at ¶¶ 29-30).

Metallized Carbon argues that the case should be dismissed for lack of subject-matter jurisdiction, failure to state a claim, and failure to plead fraud with particularity. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6), 9(b); (Doc. # 7).

## II. Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, and neither do pleadings that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the nonmoving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific, and to survive the motion, the allegations must permit the court, based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If the court determines

that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims must be dismissed. *Twombly*, 550 U.S. at 570.

**III. Analysis**

Metallized Carbon's motion to dismiss presents two issues for the court: (1) whether the court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 and (2) whether any of the four causes of action asserted in the complaint state a claim upon which relief may be granted. The court concludes both that it has jurisdiction and that J.G. Rogers has stated viable claims for breach of contract and unjust enrichment.

**A. J.G. Rogers Properly Invoked Diversity Jurisdiction**

There is no dispute here that J.G. Rogers and Metallized Carbon are citizens of different states (Alabama and New York, respectively). The diversity statute's requirement of complete diversity is therefore satisfied. *See* 28 U.S.C. § 1332. The only question is whether the jurisdictional amount in controversy is met.

A plaintiff who invokes federal diversity jurisdiction under § 1332 must establish an amount in controversy in excess of $75,000. Generally, "[a] plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Where the plaintiff has specifically alleged that his claim exceeds $75,000, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (internal quotation marks and brackets omitted).

Here, J.G. Rogers has specifically claimed damages in excess of $75,000. (Doc. # 1 at ¶ 3). And, far from appearing false "to a legal certainty," that allegation is affirmatively supported by the facts alleged in the complaint. J.G. Rogers alleges that Metallized Carbon failed

to pay it commissions on various orders from customers who purchased Metallized Carbon products. (*Id.* at ¶¶ 17-20, 23-25). Some of the orders from which J.G. Rogers claims unpaid commission were placed prior to January 2018. (*Id.* at ¶ 20). At least one order for which J.G. Rogers alleges it never received commission was placed in 2018. (*Id.* at ¶ 23). And still other orders on which J.G. Rogers claims commission extend "well past the end of the 2018 year" and will be "renew[ed] for following years." (*Id.* at ¶¶ 24-25).

In particular, J.G. Rogers claims it is due approximately $25,000 in commission on a single 2018 order alone. (*Id.* at ¶ 23). J.G. Rogers further claims it is entitled to treble damages on all unpaid commission, reasonable attorneys' fees, and costs under the Commission Act, Ala. Code § 8-24-3. (*Id.* at 6, ¶¶ 29-30). Attorneys' fees generally do not count toward the amount in controversy; however, they are considered if "allowed for by statute or contract." *Federated Mut. Ins. Co.*, 329 F.3d at 808 n.4 (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)).

Here, there is no question that treble damages on $25,000 in unpaid commission from a single order in 2018, in combination with additional pre- and post-2018 unpaid commission and statutorily authorized attorneys' fees, place the amount in controversy above $75,000. Metallized Carbon responds that because J.G. Rogers cannot establish a violation of the Commission Act, it is not entitled to treble damages and thus cannot establish the amount-in-controversy requirement (Doc. # 7 at 9). But that response miscomprehends the proper question. J.G. Rogers' "likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (internal quotation marks omitted). And in any event, where a plaintiff has (as here) expressly claimed damages in excess of $75,000, it "must appear to a legal certainty that the claim is really for less

than" that amount to justify dismissal. *Federated Mut. Ins. Co.*, 329 F.3d at 807. Even without considering potential treble damages and attorneys' fees, it does not appear to a legal certainty that J.G. Rogers' claim is for $75,000 or less. J.G. Rogers alleges Metallized Carbon owes it $25,000 in unpaid commission from a single order in 2018 alone, not counting the unpaid commission on other alleged orders placed prior to 2018 and after J.G. Rogers' termination. (Doc. # 1 at ¶¶ 19-20, 23-25). Based on the allegations of the complaint, it is entirely plausible that Metallized Carbon owes J.G. Rogers more than $75,000 in unpaid commission from all orders combined. And, absent legal certainty that the amount in controversy is really less than J.G. Rogers claims, the court cannot second-guess J.G. Rogers' good-faith claim for that amount. Accordingly, J.G. Rogers has properly invoked diversity jurisdiction under § 1332.

**B. J.G. Rogers Has Stated a Claim for Breach of Contract**

In Alabama, a plaintiff must establish four elements to prove a breach-of-contract claim: "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *S. Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995). To begin, J.G. Rogers has adequately alleged facts in the complaint supporting each of these elements. The complaint alleges that (1) Metallized Carbon "entered into a contract to provide compensation to [J.G. Rogers] for orders placed by [J.G. Rogers'] customers" (Doc. # 1 at ¶ 27); (2) J.G. Rogers solicited and obtained orders for Metallized Carbon's products (*id.* at ¶¶ 4-5); (3) Metallized Carbon failed to pay J.G. Rogers the agreed-upon commission for certain orders (*id.* at ¶ 28); and (4) J.G. Rogers suffered damages (in the form of lost compensation) as a result (*id.* at ¶ 30). J.G. Rogers has therefore stated a claim for breach of contract.

To be clear, Metallized Carbon does not argue that J.G. Rogers failed to sufficiently plead a breach-of-contract claim. Instead, it argues J.G. Rogers cannot recover enhanced damages on the breach-of-contract claim under the Commission Act, which provides for treble damages, attorneys' fees, and court costs if "[a] principal" "fails to pay a commission as required by" the Act. Ala. Code § 8-24-3. Metallized Carbon's argument is that the Act only covers a "sales representative" who earns commission from a "principal," *see* Ala. Code § 8-24-1, and J.G. Rogers has failed to plead facts plausibly establishing that Metallized Carbon is a "principal" and J.G. Rogers a "sales representative." (Doc. # 7 at 3).

Metallized Carbon's argument fails for one simple reason: J.G. Rogers "did not make a separate claim based on [the Commission Act]." *Duck Head Apparel Co. v. Hoots*, 659 So. 2d 897, 904 (Ala. 1995). Instead, like the plaintiff in *Duck Head*, J.G. Rogers' "contract count simply requested attorney fees . . . and treble damages pursuant to § 8-24-5" of the Act. *Id.*; *see* (Doc. # 1 at ¶¶ 26-30). In other words, the effect of the Commission Act, and in particular § 8-24-3, is not to create a new cause of action but merely to increase the damages recoverable for the breach of a certain type of contract: a contract for commission between a "principal" and a "sales representative," *see* Ala. Code § 8-24-1.

To be sure, to ultimately recover enhanced damages under § 8-24-5, J.G. Rogers will have to prove at trial that it was a "sales representative" and Metallized Carbon a "principal" as defined by the Act, *see* Ala. Code § 8-24-1. But J.G. Rogers was under no obligation to affirmatively plead facts in its complaint establishing that it was a "sales representative" and Metallized Carbon a "principal" as defined by the Act in order to recover enhanced damages at trial. Rule 12(b)(6) authorizes a court to dismiss an action for "failure to state a *claim* upon which relief can be granted," not for failure to plead facts establishing the precise level of

7

damages a plaintiff may be eligible to receive on a given claim. Fed. R. Civ. P. 12(b)(6) (emphasis added). The precise level of damages J.G. Rogers may be eligible to recover on its breach-of-contract claim is a matter for summary judgment or trial, not a motion to dismiss. As a result, any failure by J.G. Rogers to allege in its complaint specific facts showing that it is a "sales representative" and Metallized Carbon a "principal" as defined by the Commission Act, Ala. Code § 8-24-1, provides no basis to dismiss J.G. Rogers' contract claim or to prematurely limit the amount of damages recoverable on that claim.

Metallized Carbon also argues that J.G. Rogers cannot recover commissions for either annual blanket orders or future, renewed orders. (Doc. # 7 at 4). Metallized Carbon argues that the express terms of the contract between it and J.G. Rogers do not entitle J.G. Rogers to future commissions upon termination. (*Id.*). In support of that argument, it has submitted a contract between "Metallized Carbon Corporation" and "Distribution Management Services Inc." from 2004, which provides: "In the event of termination, commissions shall be payable on all Completed Sales for 30 days after the date of termination." (Doc. # 7-1 at 2, 10, ¶ 8).

This argument may prove right, but it is premature. This issue cannot be decided on the record accompanying a Rule 12(b)(6) motion to dismiss. Metallized Carbon argues the court may properly consider the contract it attached to its motion to dismiss because the contract is central to J.G. Rogers' claim and its contents are not in dispute. (Doc. # 7 at 2 n.1) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)). But though J.G. Rogers does not appear to dispute the authenticity of the contract, it does dispute its applicability to this case. (Doc. # 11 at 5). After Distribution Management Services Inc. was dissolved, J.G. Rogers claims it "sold [Metallized Carbon] products outside of the old DMSI written agreement." (*Id.*). Metallized Carbon contends that J.G. Rogers adopted the old contract "by performing under it and accepting

commissions from [Metallized Carbon] for years," and thus that the contract still controls. Again, that might be so, but whether J.G. Rogers adopted the contract by "performing under it" is a factual question that will have to be addressed in discovery. The court cannot at this juncture determine whether the 2004 contract between Metallized Carbon and "Distribution Management Services Inc." governs the relationship between Metallized Carbon and J.G. Rogers. Accordingly, the court cannot yet determine whether J.G. Rogers may recover commissions for annual blanket orders or future, renewed orders. Metallized Carbon's motion to dismiss J.G. Rogers' contract claim and limit the damages recoverable under that claim is due to be denied.

**C. J.G Rogers Has Stated a Claim for Unjust Enrichment**

To prevail on an unjust enrichment claim in Alabama, a plaintiff must show that "the defendant holds money which, in equity and good conscience, belongs to the plaintiff." *Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006) (internal quotation marks and emphasis omitted). That is precisely what J.G. Rogers alleges in this case: that Metallized Carbon has wrongfully withheld commission payments that rightfully belong to J.G. Rogers.

Metallized Carbon argues the unjust-enrichment claim should be dismissed because, under Alabama law, claims for unjust enrichment and breach of contract "are mutually exclusive" when "based on the same facts and contract." *Blackmon v. Renasant Bank*, 232 So. 3d 224, 228 n.4 (Ala. 2017). Metallized Carbon is correct that J.G. Rogers may not *recover* on both an unjust-enrichment and breach-of-contract claim based on the same facts and contract. *See id.* (collecting cases). But that does not mean J.G. Rogers may not *plead* claims for both unjust enrichment and breach-of-contract in the alternative. The Federal Rules of Civil Procedure expressly permit parties to plead alternative or inconsistent claims for relief. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively or hypothetically,

either in a single count . . . or in separate ones."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims . . . as it has, regardless of consistency."). At trial, J.G. Rogers will not be able to obtain two separate recoveries for both unjust enrichment and breach of contract—if the claims are based on the same set of facts. But under the Rules, it is free to pursue both claims for the time being to see which theory of liability has the strongest factual support. If the facts show an express, enforceable contract between the parties, recovery will be limited to contract damages. But if the facts show that no enforceable contract existed, J.G. Rogers will be free to pursue relief under the equitable doctrine of unjust enrichment. Metallized Carbon's motion to dismiss J.G. Rogers' unjust-enrichment claim is due to be denied.

**D. J.G. Rogers Has Failed to State a Claim for Fraudulent Suppression**

Count Two of J.G. Rogers' complaint is titled "Suppression of Material Facts." (Doc. # 1 at 6). The court construes this count as a claim for fraudulent suppression. In Alabama, the elements of fraudulent suppression are: "(1) that the defendant had a duty to disclose an existing material fact; (2) that the defendant suppressed that existing material fact; (3) that the defendant had actual knowledge of the fact; (4) that the defendant's suppression of the fact induced the plaintiff to act or to refrain from acting; and (5) that the plaintiff suffered actual damage as a proximate result." *Johnson v. Sorensen*, 914 So. 2d 830, 837 (Ala. 2005) (internal quotation marks omitted). Like all fraud claims, a plaintiff must plead fraudulent suppression "with particularity." Fed. R. Civ. P. 9(b); *DGB, LLC v. Hinds*, 55 So. 3d 218, 231 (Ala. 2010). J.G. Rogers has failed to do so, and his fraudulent-suppression claim must therefore be dismissed.

The gist of J.G. Rogers' fraudulent-suppression claim is that Metallized Carbon had a duty to truthfully disclose all payments it received from J.G. Rogers' customers, including late payments received from customers more than 30 days after an order was placed, but that it failed

to do so. (Doc. # 1 at ¶¶ 33-35) As a result, J.G. Rogers accepted commission payments from Metallized Carbon that were less than they should have been. (*Id.* at ¶¶ 36-38). J.G. Rogers claims that if Metallized Carbon had truthfully disclosed all payments it received from J.G. Rogers' customers (including late payments), J.G Rogers would have realized sooner that it was being underpaid. (*Id.* at ¶¶ 36-40).

The fraudulent-suppression claim fails because J.G. Rogers has failed to allege with particularity the fourth and fifth elements listed above: how Metallized Carbon's alleged suppression of customer late payments induced J.G Rogers to act or refrain from acting in a way that caused it damage. Under the fourth element, "a plaintiff's 'reasonable reliance' is an essential element of a suppression claim." *Johnson*, 914 So. 2d at 837 (brackets omitted). Here, J.G. Rogers has merely made the conclusory allegation that it "relied on" Metallized Carbon to provide a full accounting of all payments received from its customers. (Doc. # 1 at ¶¶ 36-38). It has not explained with particularity *how* it relied on Metallized Carbon's alleged suppression of those payments or *how* it was damaged as a result, beyond "loss of revenue"—that is, unpaid commissions from Metallized Carbon. (*Id.* at ¶ 40). In other words, what J.G. Rogers' fraud claim really complains about is Metallized Carbon's failure to perform a contractual promise: to pay J.G. Rogers commission on all sales it generated, and to accurately report customer payments on which J.G. Rogers' commissions were to be based. But a party cannot show fraud "merely by showing that the alleged [contractual] promise ultimately was not kept; otherwise, any breach of contract would constitute a fraud." *Goodyear Tire & Rubber Co. v. Washington*, 719 So. 2d 774, 776 (Ala. 1998). Because J.G. Rogers has failed to allege with particularity how it relied on Metallized Carbon's suppression of material facts and how it was damaged as a result, its fraudulent suppression claim is due to be dismissed.

### E. J.G. Rogers Has Failed to State a Negligence Claim

Count Four of J.G. Rogers' complaint is titled "Negligence." (Doc. # 1 at 9). But J.G. Rogers has failed to allege facts that, if true, would render Metallized Carbon liable to it in negligence. Instead, Count Four simply recasts J.G. Rogers' breach-of-contract claim as one for negligence. Unlike its unjust-enrichment claim, J.G. Rogers' negligence claim does not state a claim for relief that is an *alternative to* its breach-of-contract claim. Instead, Count Four simply *restates* J.G. Rogers' previously alleged breach-of-contract claim.

Count Four alleges that Metallized Carbon owed J.G. Rogers a duty "to accurately account for [J.G. Rogers'] sales, revenue[,] and commission due," that Metallized Carbon "breached its duties" to J.G. Rogers, and that as a "proximate consequence" of the breach, J.G. Rogers "suffer[ed] damages, including loss of revenue." (*Id.* at ¶¶ 50-53). However, even "a negligent failure to perform a contract express or implied . . . is but a breach of the contract." *Vines v. Crescent Transit Co.*, 85 So. 2d 436, 440 (1955). Under Alabama law, a negligent breach of a contract simply does not give rise to a separate tort claim for negligence. *See Barber v. Bus. Prod. Ctr., Inc.*, 677 So. 2d 223, 228 (Ala. 1996) ("[M]ere failure to perform a contractual obligation is not a tort."). J.G. Rogers' negligence claim is therefore due to be dismissed.

### IV. Conclusion

For the reasons explained above, Metallized Carbon's motion to dismiss (Doc. # 7) is due to be granted in part and denied in part. A separate order will be entered.

**DONE** and **ORDERED** this April 15, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE